Ralph AMADOR, Michael A. Ancona, Anthony J. Battistone, Epifanio Colon, Jr., John D. Raphael, Jeffrey P. Rohan, Robert W. Russell, David W. Wyman, John Koch, David J. Kardys, Plummer Carroll, John Topping, Steven Schneider, Brian J. Heavren, Robert J. Cronin, Antonio Santos, Bruce Steinetz and Patrick E. Jobes, Plaintiffs–Appellants,

v.

CITY OF HARTFORD, Joyce Chinn and Patricia C. Washington, Defendants–Appellees.

Nos. 00–7932, 00–7934, 00–7936, 00–7938, 00–7942, 00–7944, 00–7946, 00–7948, 00–7952.

United States Court of Appeals, Second Circuit.

Oct. 22, 2001.

John R. Williams, Williams and Pattis, LLC, New Haven, CT, for appellants.

Helen Apostolidis, Assistant Corporation Counsel, City of Hartford, Hartford, CT, for appellees.

Present PIERRE N. LEVAL, ROBERT D. SACK, and SONIA SOTOMAYOR, Circuit JJ.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is VACATED and REMANDED.

Plaintiffs-appellants, who are 18 male police officers in the City of Hartford, allege gender discrimination, in violation of the Equal Protection Clause of the Fourteenth Amendment, arising out of an oral police examination for promotion to sergeant administered by the City of Hartford in 1994 and early 1995. In particular, plaintiffs challenge the City of Hartford's decision to send all five of the female applicants in the 127–person applicant pool to the only examination panel (out of four) that included a female examiner (hereinafter "Panel 1") because it included a female examiner. It turned out that the panel to which the City sent the five female applicants gave higher grades on average than the other three panels. The City ultimately promoted 43 officers in the 1994–1995 examinations—2 women and 41 men. Plaintiffs contend that the City intentionally discriminated against them by sending female applicants to the panel that turned out to give the highest scores, thereby decreasing the likelihood that the plaintiffs would be assigned to that panel. Each of the plaintiffs seeks an injunction making him a sergeant, as well as damages for, inter alia, failure to have made him a sergeant.

The district court granted summary judgment to the defendants on the basis of our decision in *Hayden v. County of Nassau,* 180 F.3d 42 (2d Cir.1999), in which we held that constructing a police entrance examination in an effort to avoid discriminatory effects "does not constitute a [discriminatory] classification." *Hayden,* 180 F.3d at 48. *Hayden,* however, did not involve an express gender classification. The *Hayden* opinion does not address the use of an express gender distinction in the administration of the exam. The district court's improper reliance on *Hayden* leads us to remand for reconsideration.

We think it unlikely, however, that any of the plaintiffs can show that he would have been promoted to sergeant. On remand, the district court should consider the Supreme Court's recent observation in *Texas v. Lesage,* 528 U.S. 18, 20–21, 120 S.Ct. 467, 145 L.Ed.2d 347 (1999), that "even if the government has considered an impermissible criterion in making a decision adverse to the plaintiff, it can nonetheless defeat liability by demonstrating that it would have made the same decision absent the forbidden consideration."

Even assuming (without deciding) that it was constitutionally impermissible for the City to send the five female applicants to Panel 1, the effect of the assignment of five persons out of 127 to one of the four panels was probably insignificant. Notwithstanding the possibility that scoring differences among the panels was attributable to more and less generous scoring styles of examiners, rather than to differences in the applicant pool, there would seem to be little likelihood that, but for the assignment of the five female applicants to Panel 1, any one of the plaintiffs would have been promoted.

If the five women had not been assigned to Panel 1, but added to the pool of the 96 male applicants not assigned to Panel 1, increasing it to 101, and the five resulting vacancies for appearances before Panel 1

had then been randomly filled from the group of 101, each plaintiff would have had five chances in 101, or a 4.95% likelihood of being assigned to Panel 1. Otherwise put, each would have a larger than 95% likelihood of *not* being assigned to Panel 1. As to each plaintiff, there is therefore an overwhelming probability that random assignment of the five slots given to the females would not have resulted in his promotion. It is difficult to understand how such a plaintiff can justify an injunction promoting him to sergeant (or damages for failure to do so).

The district court may, furthermore, consider whether under the circumstances the City's decision to send the five female applicants in the 127 person applicant pool to the panel that included the only woman among 12 examiners may have been substantially related to an important state interest. *See Califano v. Webster,* 430 U.S. 313, 97 S.Ct. 1192, 51 L.Ed.2d 360 (1977) (upholding statute providing higher Social Security benefits for women than men); *see also Nguyen v. Immigration and Naturalization Service,* 533 U.S. 53, 121 S.Ct. 2053, 2059–65, 150 L.Ed.2d 115 (2001) (upholding statute making it more difficult for a child who is born abroad to unmarried parents, of whom only one is a United States citizen, to claim citizenship through the child's U.S. citizen parent if that parent is the child's father).